UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:03-CR-29(2) |
| | § | |
| NOLON LEE PATTERSON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On August 17, 2006, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Barry Bryant. Defendant was represented by Jeff Harrelson.

Nolon Patterson was sentenced on July 27, 2004, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of being a prohibited person in possession of a firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of I, was 21 to 27 months. Mr. Patterson was subsequently sentenced to 21 months imprisonment followed by a two year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On January 6, 2006, Mr. Patterson completed his period of imprisonment and began service of the supervision term.

On April 12, 2006, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall refrain from any unlawful use of a controlled substance. Specifically, the

Government alleges on January 20, 2006, Mr. Patterson submitted a urine specimen that tested positive for the use of marijuana, and Mr. Patterson admitted to using said substance. The Government further alleges on February 14, 2006, Mr. Patterson submitted a urine specimen that tested positive for the use of marijuana, and Mr. Patterson admitted to using said substance. The Government further alleges on March 2, 2006, Mr. Patterson submitted a urine specimen that tested positive for the use of marijuana. Mr. Patterson denied using said substance. The Government further alleges on March 17, 2006, Mr. Patterson submitted a urine specimen that tested positive for the use of marijuana and cocaine. Mr. Patterson admitted to using said substances and admitted that he has been using marijuana about every two to three days. The Government further alleges on March 27, 2006, Mr. Patterson submitted a urine specimen that tested positive for the use of marijuana. Mr. Patterson denied using said substance. Finally, the Government alleges on April 4, 2006, Mr. Patterson submitted a urine specimen that tested positive for the use of marijuana. Mr. Patterson denied using said substance.

    2) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. Specifically, the Government alleges as follows. On January 9, 2006, Mr. Patterson was enrolled into the random drug testing program operated by our office. As part of this program, he was instructed to call a toll-free telephone number each day to receive instructions on whether or not he had to submit a urine specimen for testing. Mr. Patterson was instructed that failure to call the notification line was not an acceptable excuse for failing to report and submit a urine specimen for testing. Mr. Patterson has failed to participate in this program by failing to call the toll-free telephone number on March 14th through 17th, 19th through 21st, 23rd

through 27th, and 30th through 31st, 2006. Mr. Patterson has further failed to participate in this program by failing to submit a urine specimen for testing on March 3rd, 13th, and 24th, 2006, as part of the random drug testing program.

3) Defendant shall truthfully answer all inquiries by the probation officer and follow the instructions of the probation officer. Specifically, the Government alleges as follows. On March 2, 2006, Mr. Patterson submitted a urine specimen that tested positive for the use of marijuana. When questioned about the test result, he denied using the identified substance. On March 17, 2006, after submitting another positive urine specimen for the use of marijuana, Mr. Patterson admitted to using the identified substance and admitted that he had been using it every two to three days since his release from imprisonment. Therefore, Mr. Patterson failed to answer truthfully the inquiries of the probation officer on March, 2, 2006.

The Court scheduled a revocation hearing August 17, 2006. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to allegations as set forth above. Based upon Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition and by possessing both cocaine and marijuana through their found use. The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months. The Court further recommended that upon release from imprisonment, Defendant be placed on supervised release for a term of two years. The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on

supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. The defendant shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional condition. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months. It is further

**RECOMMENDED** that upon release from imprisonment, Defendant be placed on supervised release for a term of two years. It is further

**RECOMMENDED** that within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. The defendant shall be required to submit

to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. The defendant shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional condition. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

    The parties were informed of the right to file objections to the recommendations as set forth above. Both parties waived their objections.

    **SIGNED this 17th day of August, 2006.**

_/s/ Caroline M. Craven_
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE